United States District Court
Southern District of Texas
**ENTERED**
April 20, 2018
David J. Bradley, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **ERIC CHRISTOPHER GONZALEZ,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 1:17-184** |
| | § | |
| **LORIE DAVIS,** | § | |
| **Respondent.** | § | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On September 6, 2017, Petitioner Eric Christopher Gonzalez filed a petition for <u>writ of habeas corpus</u>, pursuant to 28 U.S.C. § 2254. Dkt. No. 1.

On January 4, 2018, Respondent Lorie Davis filed a motion for summary judgment. Dkt. No. 14. Davis asserts that Gonzalez's claims are untimely filed and unexhausted. On February 9, 2018, Gonzalez filed a response. Dkt. No. 17.

On February 9, 2018, Gonzalez also filed a motion to abate the case to permit him to file his claims in state court to fully exhaust them. Dkt. No. 18. On March 2, 2018, Davis filed a response in opposition. Dkt. No. 19. On March 6, 2018, Gonzalez filed a reply. Dkt. No. 20.

After reviewing the record and the relevant case law, the Court recommends that Respondent's motion for summary judgment be granted. Gonzalez's claims are untimely filed and unexhausted. Gonzalez's motion to abate should be denied because he has not shown good cause and his claims are procedurally barred in the state courts.

### I. Background

#### A. Factual Background

On direct appeal, the 13th Court of Appeals of Texas made a number of specific factual findings. <u>Gonzalez v. State</u>, 510 S.W.3d 10 (Tex. App. 2014). As provided by law,

the court sets forth and adopts those findings.[1] Thus, all of the facts, unless otherwise indicated, are quoted from the state Court of Appeals decision, changing only the formatting.

The Harlingen Police Department (HPD) learned from an anonymous phone call that a light-skinned male driving a light blue pickup truck was buying packing materials several times a week at a storage center. The caller believed that the frequency of the purchases indicated that the buyer could be shipping narcotics. HPD Officer Jose Garcia ran a check on the license plate number supplied by the caller and found an address in Rio Hondo, Texas, associated with the vehicle. Officer Garcia and several colleagues first drove to the storage center in an unmarked car, but after finding the center closed, they began the drive to the Rio Hondo address. While stopped at a traffic light, the officers noticed a light blue pickup truck also waiting at the light in the lane going the opposite direction. The police verified that the license plate number matched the one provided by the informant, turned around, and followed the vehicle to an apartment building in San Benito, Texas. Less than ten minutes later, appellant exited the apartment building and entered the truck accompanied by a woman later identified as his wife. Officer Garcia testified that appellant appeared to be hiding something under his shirt as he exited. The police followed the truck onto the freeway and allegedly observed the truck change three lanes without signaling, before exiting onto the frontage road, and traveling over to the right lane without signaling.

At that point, Officer Garcia contacted the HPD gang unit to make a traffic stop of the truck. An officer of the gang unit in a marked police car activated the lights on his car and attempted to pull appellant's truck over. Officer Garcia testified that the truck "slows a little bit like it's going to pull over and ... it just pulls over a little bit, and then it takes off at a high rate of speed." A vehicle chase ensued in which two marked police cars as well as the

---

[1] The Court notes that any factual findings made by the state court are "presumed to be correct," unless the petitioner can show "by clear and convincing evidence" that they were incorrect. Norris v. Davis, 826 F.3d 821, 827 (5th Cir. 2016), cert. denied, 137 S. Ct. 1203, 197 L. Ed. 2d 250 (2017) (citing 28 U.S.C. § 2254(e)(1)).  Gonzalez has raised no such challenge. Indeed, Gonzalez has not challenged any specific factual findings as found by the state court. Accordingly, the Court adopts the factual findings of the state court.

unmarked car pursued appellant, with the marked cars in the lead. During the chase, the police observed the truck drive past two stop signs without stopping. The chase ended when the truck struck an oncoming car at the intersection of Ed Carey Road and the Frontage Road and resulted in the death of the passenger in the vehicle, Marie de La Luz.

The police arrested appellant and his wife and performed a search of the truck. Officer Tim Flores's search disclosed a .22 caliber pistol and two baggies of marijuana in a compartment hidden in the truck's center console. A separate group of police went to the apartment of Francina Flores, a friend of appellant's wife, who lived in the same building that police earlier observed appellant and his wife exit. Flores signed a consent-to-search form, and the police discovered "packaging for a large shipping scale, plastic bags, gloves, cellophane wrap, [and] marijuana" in her apartment. The police also found "Mr. Gonzalez's wife's I.D. in one of the bags with some marijuana."

The State indicted appellant with felony murder in the death of the passenger of the vehicle he struck with the predicate offense of evading arrest (Count I), aggravated assault in the injuries sustained by the driver of the vehicle he struck (Count II), a separate charge of evading arrest that contained the same conduct as the predicate offense alleged in Count I (Count III), two counts of possession of a controlled substance (Counts IV and V), and possession of a firearm by a felon (Count VI). <u>See</u> Tex. Penal Code Ann. §§ 19.02(b)(3), 22.02(a), 38.04(a); Tex. Health & Safety Code Ann. § 481.112; Tex. Penal Code Ann. § 46.04(a) (West, Westlaw through 2013 3d C.S.). On appellant's motion, the trial court struck Count V and severed Count VI into a separate proceeding that . . . [was not before the Appellate Court]. Appellant plead not guilty to Counts I–IV, and a jury returned a verdict of guilty on all four counts. The trial court assessed punishment at fifty years' imprisonment on Count I, twenty years' imprisonment on Count II with an affirmative deadly weapon finding, twenty years' imprisonment on Count III, and two years' imprisonment on Count IV. The trial court ordered the sentences to run concurrently.

Appellant filed a timely motion for new trial alleging that he received ineffective assistance of counsel and cited seven different instances where he alleged that his counsel

failed to provide reasonable professional assistance.[2] The trial court set the motion for a hearing on August 26, 2013. On August 9, appellant filed a motion requesting to be personally present at the hearing. Shortly after the State filed a response, the trial court rescinded its order setting a hearing on the motion for new trial and denied both motions.[3]

### B. Direct Appeal

On direct appeal, Gonzalez – via appointed counsel – raised thirteen issues: (1) the trial court erred by not holding an evidentiary hearing on his motion for a new trial; (2) trial court erred by denying Gonzalez's motion to be physically present at the post-trial evidentiary hearing; (3) the trial court erred in denying his motion to suppress; (4) his convictions for felony murder and evading arrest violated the Double Jeopardy clause; (5) the jury instructions regarding Francina Flores's consent to search his apartment were erroneous; (6) the jury instructions regarding the legality of the search of his vehicle were erroneous; (7)-(12) the trial court erred in admitting certain pieces of evidence; and, (13) counsel was ineffective during the guilt-innocence phase of his trial. Gonzalez v. State, 510 S.W.3d 10 (Tex. App. 2014).

On August 14, 2014, the 13th Court of Appeals issued an opinion, affirming Gonzalez's conviction. Id. The appellate court specifically rejected each and every claim for relief. Id.

---

[2] Appellant alleged that his original trial counsel performed deficiently by failing to: (1) object to an allegedly erroneous jury charge that did not properly restrict the culpable mental state to the "result" of appellant's conduct; (2) request a jury instruction on the defense of mistake of fact; (3) request an extraneous-offense instruction in the jury charge; (4) request a mid-trial instruction regarding the same issue; (5) preserve error by making a sufficiently specific objection to the admission of marijuana from Flores' apartment under Texas Rules of Evidence 404(b) and 403, see TEX. R. EVID. 403, 404(b); (6) make a motion in limine requesting that the State or any of its witnesses be prevented from referring to the complainants as "victims"; and (7) provide timely notice of his intent to call a mental health expert, Dr. Tomas Gonzalez, M.D., resulting in the court's decision to strike the expert and preventing the expert from presenting mitigating evidence during the punishment phase of the trial.

[3] The direct quotation of facts, taken from the 13th Court of Appeals, ends here.

On September 19, 2014, Gonzalez – via counsel – timely filed a petition for discretionary review with the Texas Court of Criminal Appeals. Dkt. No. 9-4, p. 2548.[4]  In his petition, Gonzalez raised three arguments, claiming that the court of appeals opinion wrongly held: (1) that he was not entitled to an evidentiary hearing on his claim of ineffective assistance of counsel; (2) that he lacked standing to obtain a jury instruction concerning Francina Flores's consent to search the apartment; and (3) that the erroneous admission of marijuana from the apartment was harmless error. Id, p. 2550.

On January 28, 2015, the Court of Criminal Appeals refused the petition for discretionary review. Dkt. No. 9-4, p. 2606.  On March 4, 2015, Gonzalez's motion for re-hearing was denied. Id.

### C. State Habeas Proceedings

On October 5, 2015, Gonzalez – proceeding pro se – filed a state habeas petition in the 107th District Court in Cameron County. Dkt. No. 9-6, p. 2633.  On December 9, 2015, the Texas Court of Criminal Appeals dismissed that petition, because it did not comply with TEX. R. APP. P. 73.1. Dkt. No. 9-11, p. 3185.  The dismissal indicated that the Court of Criminal Appeals rejected the petition on procedural grounds, rather than a merits-based review of the record. Ex parte Torres, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (en banc) (indicating that a "denial" signifies adjudication on the merits, while "dismissal" reflects a claim declined on grounds other than upon the merits).

On January 15, 2016, Gonzalez – proceeding pro se – filed a second habeas petition in state court. Dkt. No. 9-14, p. 3193.  In that petition, Gonzalez raised five issues for review: (1) the jury charge did not include an instruction on mistakes of fact; (2) counsel was deficient for failing to request such an instruction; (3) trial counsel was ineffective for failing to hire experts about police pursuit policies, seek jury instructions on lesser-included offenses, failure to call eyewitnesses and failing to seek testimonial immunity for Gonzalez's

---

[4] The page citations refers to the Bates-stamped number on the bottom right of the page.

wife; (4) prosecution failed to turn over unidentified exculpatory evidence; (5) ineffective assistance of appellate counsel for failing to raise the arguments that Gonzalez raised in the state habeas petition. Id.

On January 11, 2017, the Texas Court of Criminal Appeals denied Gonzalez's petition without a written order. Dkt. No. 9-17, p. 3489. The denial signified that the Appeals Court had considered the merits of Gonzalez's petition and found that relief was not warranted. Ex parte Torres, 943 S.W.2d at 472.

**D. Procedural History**

On September 6, 2017, Gonzalez – via retained counsel – filed a habeas petition, pursuant to 28 U.S.C. § 2254, in this Court. Dkt. No. 1.

In that petition, Gonzalez raised three claims: (1) trial counsel was ineffective for failing to present evidence that he suffers from the effects of a frontal lobe injury, chronic depression and bipolar disorder; (2) trial counsel was ineffective for failing to timely designate an expert witness to testify about Gonzalez's frontal lobe injury, chronic depression and bipolar disorder; (3) appellate counsel was ineffective for not raising the failure to timely designate the expert witness as part of the direct appeal. Dkt. No. 1.

On January 1, 2018, the respondent filed a motion for summary judgment. Dkt. No. 14. The respondent argues that Gonzalez's petition is untimely filed and cannot be saved by equitable tolling. Furthermore, the respondent argues that the issues raised in the instant petition have not been previously presented to the state courts, making them unexhausted. Id.

On February 9, 2018, Gonzalez filed a response to the motion for summary judgment, arguing that the Texas Court of Criminal Appeals "should not have dismissed" his first state habeas petition simply because his attached memorandum exceeded 50 pages. Dkt. No. 17.[5]

---

[5] The Court notes that the assertion appears contrary to the Texas Court of Criminal Appeals's previous decisions. See Ex Parte Walton, 422 S.W.3d 720 (Tex. Crim. App. 2014) (noting that the Court of Criminal Appeals will dismiss petitions that include a memorandum that exceeds 50 pages).

Gonzalez further argues that he is entitled to equitable tolling for the period that his first petition was pending, because the dismissal based on the length of the memorandum was an extraordinary circumstance that prevented his timely filing. Gonzalez also argues that all of his claims are exhausted because they are "similar enough" to the claims raised in the second state habeas petition. Id.

On February 9, 2018, Gonzalez filed an opposed motion to abate this case to permit him to file a third state habeas petition, raising the issues that were raised in the instant petition. Dkt. No. 18.

On March 2, 2018, the respondent filed a response, opposing the motion to abate. Dkt. No. 19. The respondent argues that any stay would be futile because a third state habeas petition would be procedurally barred under Texas's "abuse of the writ" doctrine. Id.

On March 6, 2018, Gonzalez filed a reply in support of his motion to abate. Dkt. No. 20.

## II. Applicable Law

### A. Summary Judgment

Summary judgment pursuant to Rule 56(c) is appropriate where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). All inferences are made and doubts are resolved in favor of the nonmoving party. Dean v. City of Shreveport, 438 F.3d 448, 454

(5th Cir. 2006). Hearsay is not competent summary judgment evidence. <u>Martin v. John W. Stone Oil Distributor, Inc.</u>, 819 F.2d 547, 549 (5th Cir. 1987).

A court may determine that no genuine issue of material fact exists, if it determines that no reasonable juror could find in favor of the nonmovant. <u>Mayberry v. Vought Aircraft Co.</u>, 55 F.3d 1086, 1089 (5th Cir. 1995). The moving party, however, is not required to provide evidence negating the nonmovant's claims. <u>Celotex Corp.</u>, 477 U.S. at 323. "[R]egardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for entry of summary judgement, as set forth in Rule 56(c), is satisfied." <u>Id</u>. Summary judgment is an appropriate vehicle through which to resolve a <u>habeas</u> petition, where the facts otherwise support such resolution. <u>Goodrum v. Quarterman</u>, 547 F.3d 249, 255 (5th Cir. 2008).

**B. Section 2254**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a prisoner convicted in a state court may challenge his conviction to the extent it violates "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Accordingly, only violations of the United States Constitution or federal law are subject to review by this Court under § 2254.

In conducting such a review, a federal district court:

> may not issue a <u>writ</u> <u>of</u> <u>habeas</u> <u>corpus</u> for a defendant convicted under a state judgment unless the adjudication of the claim by the state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding."

<u>Riddle v. Cockrell</u>, 288 F.3d 713, 716 (5th Cir. 2002) (quoting 28 U.S.C. § 2254(d)(1)-(2)).

"A decision is contrary to clearly established federal law under § 2254(d)(1) if the state court (1) 'arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law'; or (2) 'confronts facts that are materially indistinguishable from a relevant Supreme Court precedent' and reaches an opposite result.'" Simmons v. Epps, 654 F.3d 526, 534 (5th Cir. 2011) (quoting Williams v. Taylor, 529 U.S. 362, 405 (2000)).

"The state court makes an unreasonable application of clearly established federal law if the state court (1) 'identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts'; or (2) 'either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'" Simmons, at 534 (quoting Williams, at 407).

Additionally, the AEDPA requires that federal law be "clearly established" "as articulated by the Supreme Court." Woodfox v. Cain, 609 F.3d 774, 800 n. 14 (5th Cir. 2010). "[A] decision by . . . [the Fifth Circuit] . . . or one of our sister circuits, even if compelling and well-reasoned, cannot satisfy the clearly established federal law requirement under § 2254(d)(1)." Salazar v. Dretke, 419 F.3d 384, 399 (5th Cir. 2005).

Furthermore, a federal court is not to review a state court's determination of state law issues. Thompson v. Thaler, 432 F. App'x 376, 379 (5th Cir. 2011); McCarthy v. Thaler, 482 F. App'x 898, 903 (5th Cir. 2012). The Supreme Court has "repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." Bradshaw v. Richey, 546 U.S. 74, 76, 126 S. Ct. 602, 604, 163 L. Ed. 2d 407 (2005). "Under § 2254, federal habeas courts sit to review state court misapplications of federal law. A federal court lacks authority to rule that a state court incorrectly interpreted its own law." Charles v. Thaler, 629 F.3d 494, 500–01 (5th Cir. 2011) (emphasis original). "It is not our function as a federal appellate court in a habeas proceeding to review a state's interpretation of its own law." Schaetzle v. Cockrell, 343 F.3d 440, 449 (5th Cir. 2003) (quoting Weeks v. Scott, 55 F.3d 1059, 1063 (5th Cir. 1995)).

### C. Timeliness

A petitioner has a one year "period of limitation" in which to file a § 2254 petition. 28 U.S.C. § 2244(d)(1). That period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). This one year period is tolled during the time in which "a properly filed application for State post-conviction or other collateral review" is pending in the state courts. 28 U.S.C. § 2244(d)(2).

Further, the limitations period is not jurisdictional and may be equitably tolled. Holland v. Florida, 560 U.S. 631, 645 (2010). For equitable tolling to excuse the late filing of a petition, the petitioner must show that he has been "pursuing his rights diligently" and that "some extraordinary circumstance" prevented timely filing. Id. at 649.

### D. Exhaustion

The Court may not consider the petition if the petitioner has not exhausted the remedies available in the state court. Scott v. Hubert, 635 F.3d 659, 667 (5th Cir. 2011) (citing 28 U.S.C. § 2254(b)(1)(A)). In order to be exhausted, the claim must have been presented to the state's highest court "in a procedurally proper manner according to the rules of the state courts." Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir.1999).

To exhaust a particular claim, a petitioner "must have fairly presented the substance of his claim to the state courts." Nobles v. Johnson, 127 F.3d 409, 420 (5th Cir. 1997). "It

is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made." Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001) (quoting Anderson v. Harless, 459 U.S. 4, 6 (1982)).  If a petitioner uses one set of operative facts to raise an argument in state court and then relies on those same facts to argue a different legal theory in federal court, the claim is still unexhausted. Wilder, 274 F.3d at 259 (citing Vela v. Estelle, 708 F.2d 954, 958 n. 5 (5th Cir. 1983)).

## III. Analysis

As observed earlier, Gonzalez has raised three claims: (1) trial counsel was ineffective for failing to present evidence that he suffers from the effects of a frontal lobe injury, chronic depression and bipolar disorder; (2) trial counsel was ineffective for failing to timely designate an expert witness to testify about Gonzalez's frontal lobe injury, chronic depression and bipolar disorder; (3) appellate counsel was ineffective for not raising the failure to timely designate the expert witness as part of the direct appeal.  Dkt. Nos. 1, 2.  The Court will first address the timeliness of the petition and then turn to the question of whether the claims have been properly exhausted, allowing this Court to review them.

### A. Timeliness

As previously noted, Gonzalez had one year in which to file his § 2254 petition in this Court.  As relevant here, Gonzalez had one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

On January 28, 2015, the Court of Criminal Appeals refused the petition for discretionary review. Dkt. No. 9-4, p. 2606.  On March 4, 2015, Gonzalez's motion for re-hearing was denied. Id.  Gonzalez had 90 days, from the date that his motion for rehearing was denied, to file a petition for writ of certiorari with the Supreme Court. Sup. Ct. R. 13.1; Sup. Ct. R. 13.3; see also England v. Quarterman, 242 F. App'x 155, 157 (5th Cir. 2007) (noting that the 90 day period runs from the date that a properly-filed motion for rehearing is denied).

11

Gonzalez's conviction became final on June 2, 2015, when his period to file a petition for writ of certiorari with Supreme Court expired. England, 242 F. App'x at 157. By the plain language of § 2244(d)(1)(A), Gonzalez had until June 2, 2016, to file a habeas petition in federal court.

The one-year period is tolled during the time in which "a properly filed application for State post-conviction or other collateral review" is pending in the state courts. 28 U.S.C. § 2244(d)(2). As recounted in the factual background, Gonzalez filed his first state habeas petition on October 5, 2015. Dkt. No. 9-6, p. 2633. On December 9, 2015, the Texas Court of Criminal Appeals dismissed the petition, because it did not comply with TEX. R. APP. P. 73.1. Dkt. No. 9-11, p. 3185. Specifically, the Court of Criminal Appeals rejected the petition because the attached memorandum exceeded the 50-page limit. Dkt. No. 14, p. 4, n. 5.

The Supreme Court and the Fifth Circuit have held that a state court's determination that a petition was not properly filed is "the end of the matter" and cannot be reviewed by federal courts. Koumjian v. Thaler, 484 F. App'x 966, 968 (5th Cir. 2012) (quoting Carey v. Saffold, 536 U.S. 214, 226 (2002)). This rule applies "even if the grounds for the state court's ruling are debatable." Koumjian, 484 F. App'x at 968. "Because compliance with procedural filing requirements is a matter of state law, we defer to [the Texas Court of Criminal Appeals'] determination that [the petitioner] failed to follow the filing requirements." Broussard v. Thaler, 414 F. App'x 686, 688 (5th Cir. 2011).

Gonzalez argues that his state petition was properly filed, "regardless of whether his optional memorandum of law was too lengthy." Dkt. No. 17, p. 5. He further argues that "[t]he Court of Criminal Appeals should not have dismissed the writ as being improperly filed." Id., p. 6.

Even if Gonzalez's argument is substantively correct, this Court must defer to the Court of Criminal Appeals's ruling as to whether the state petition met the procedural filing requirements. Broussard, 414 F. App'x 686, 688 (5th Cir. 2011). Thus, the first state habeas

petition did not serve to toll the filing period.

On January 15, 2016, Gonzalez filed his second <u>habeas</u> petition in state court. Dkt. No. 9-14, p. 3193.  This petition was properly filed and served to toll the limitations period. Thus, the limitations period ran from June 2, 2015 until January 15, 2016, for a total of 227 days, leaving 138 days on the limitations period. <u>See</u> <u>Stroman v. Thaler</u>, 603 F.3d 299, 301 (5th Cir. 2010) (when calculating limitations period under § 2244(d)(2), the period is 365 days).

On January 11, 2017, the Texas Court of Criminal Appeals denied Gonzalez's petition. Dkt. No. 9-17, p. 3489.  At that point, the limitations period resumed.  On May 30, 2017 – 138 days later[6] – the federal limitations period expired, having reached 365 days.

Gonzalez did not file his federal <u>habeas</u> petition until September 6, 2017, which was 99 days after the deadline expired.  Thus, his petition was untimely filed.

Furthermore, even if the Court accepts Gonzalez's argument that the first state petition should have tolled the limitations period, his petition is still untimely filed.  As previously noted, the limitations period began to run on June 2, 2015, when his period to file a petition for <u>writ</u> <u>of</u> <u>certiorari</u> with Supreme Court expired.  Gonzalez did not file his federal petition until September 6, 2017, which was 827 days later.

The first state <u>habeas</u> petition was pending for 65 days – from October 5, 2015, until December 9, 2015.  The second state <u>habeas</u> petition was pending for 362 days –  from January 15, 2016, until January 11, 2017.  Thus, under his argument, his petitions tolled the limitations period for 427 days.  That means that he filed his petition after 400 days (827 days minus the 427 days that it was tolled).  Accordingly, his petition was late by 35 days (400 days minus 365 days).

**B. Equitable Tolling**

Even if Gonzalez's limitations period was not statutorily tolled, it may be equitably

---

[6] Technically, May 29, 2017 was the expiration of the deadline, but that day was Memorial Day, a federal holiday.  Accordingly, the limitations period was extended by one day. FED. R. CIV. P. 6(a)(1)(C).

tolled. <u>Holland</u>, 530 U.S. at 645.  To avail himself of such relief from the limitations period, Gonzalez must establish "extraordinary circumstances" that warrant the tolling of the limitations period. <u>Id</u> at 649.  Gonzalez bears the burden of establishing that equitable tolling is appropriate. <u>Phillips v. Donnelly</u>, 216 F.3d 508, 511 (5th Cir. 2000).  Gonzalez has failed to meet this burden.

Gonzalez has stated that he is entitled to equitable tolling because the Texas Court of Criminal Appeals "improperly dismissed" his first state <u>habeas</u> petition, creating extraordinary circumstances. Dkt. No. 17, p. 9.  This claim is unavailing.

The form on which Gonzalez filed his first state <u>habeas</u> petition stated the following:

> You may include with the form a memorandum of law if you want to present legal authorities, but the Court will not consider grounds for relief set out in a memorandum of law that were not raised on the form. The citations and argument must be in a memorandum that complies with Texas Rule of Appellate Procedure 73 and does not exceed 15,000 words if computer-generated or 50 pages if not.

Dkt. No. 9-6, p. 2637.

Thus, Gonzalez was expressly warned that his optional memorandum could not exceed 50 pages.  Gonzalez chose to ignore this warning and suffered the consequences of his actions.  His <u>pro se</u> status does not excuse his failure to follow this procedural rule.  "Just as <u>pro se</u> status does not relieve the litigant from following statutory law, it does not immunize him from comporting with procedural rule." <u>Matter of Caldwell</u>, 918 S.W.2d 9, 10 (Tex. App. 1995).

Gonzalez's <u>pro se</u> status and error in filing a procedurally-invalid memorandum do not merit equitable tolling. <u>Felder v. Johnson</u>, 204 F.3d 168, 171 (5th Cir. 2000) (noting that "pro se status, illiteracy, deafness, and lack of legal training" do not warrant equitable tolling) (citing <u>U.S. v. Flores</u>, 981 F.2d 231, 236 (5th Cir.1993)).  In order to merit equitable tolling, "[a] petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." <u>In re Wilson</u>, 442

14

F.3d 872, 875 (5th Cir. 2006).  This delay was entirely of Gonzalez's making, because he chose to file a memorandum that exceeded 50 pages.

As a result, Gonzalez has not met his burden and equitable tolling is inappropriate. Even if equitable tolling was appropriate, Gonzalez is not entitled to the relief he seeks because his claims are unexhausted and, given his earlier failures, are not capable of being exhausted.

### C. Exhaustion

Gonzalez's three claims, which center around failures by trial and appellate counsel to raise the issue of his mental health and awareness, were not raised in the state courts and are unexhausted.

"Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings." Busby v. Dretke, 359 F.3d 708, 723 (5th Cir. 2004).  Thus, if Gonzalez raised his claims in his petition for discretionary review of his direct appeal or his second state habeas petition, they are considered exhausted. Steele v. Davis, 707 F. App'x 811 (5th Cir. 2018).

However, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made." Bagwell v. Dretke, 372 F.3d 748, 755 (5th Cir. 2004).  Moreover, it is not enough that the petitioner generally claims ineffective assistance of counsel in state court to exhaust such a claim; if his federal petition raises a claim of ineffective assistance that is distinct from those raised in his state petition, the new claim is unexhausted. Bagwell, 372 F.3d at 755-56 (petitioner's federal claim that counsel was ineffective for denying him his right to testify was unexhausted because it was not raised in state court, even though petitioner raised several other ineffective assistance claims in state court).

Gonzalez's claims in the instant petition revolve around his trial counsel's failures to properly introduce evidence of his mental injuries and illnesses and how those maladies would have impacted his judgment at the time of the offense. Dkt. No. 2.  He also claims his

appellate counsel was ineffective for failing to raise these claims.  The Court must determine whether Gonzalez raised these claims in either his petition for discretionary review or his second state habeas petition.

Gonzalez's petition for discretionary review did not raise these issues, focusing instead on: (1) whether his post-trial affidavit regarding ineffective assistance was sufficiently detailed to merit an evidentiary hearing; (2) whether Gonzalez had standing to obtain a particular jury instruction; and (3) whether the erroneous admission of certain evidence was harmless error. Dkt. No. 9-4, p. 2550.  Thus, Gonzalez did not raise these issues in his petition for discretionary review, which means they are unexhausted under that review.

Gonzalez's second state habeas petition raised a number issues, which the Court restates as follows: (1) he was entitled to a jury instruction on mistake of fact; (2) on direct appeal, the court of appeals incorrectly rejected his claims regarding the mistake of fact instruction; (3) trial counsel was ineffective for failing to secure an expert witness on law enforcement pursuit policies; (4) trial counsel was ineffective for failing to secure jury instructions on lesser included offenses; (5) trial counsel was ineffective for failing to call eyewitnesses; (6) trial counsel failed to make a motion to secure immunity for Gonzalez's wife to testify in his defense; (7) the prosecution withheld exculpatory evidence; (8) ineffective assistance of appellate counsel for failing to raise any of the arguments advanced by Gonzalez in his second state habeas petition. Dkt. No. 9-14, p. 3193.  At no point did Gonzalez raise any issues related to his mental health injuries and illnesses in his second state habeas petition.  While he made claims for ineffective assistance of trial and appellate counsel, they were not the same claims that he has raised in the instant petition.  As previously noted, it is not enough to simply claim ineffective assistance in both the state and federal courts; Gonzalez must raise the same claim of ineffective assistance based on the same underlying facts in both petitions. Bagwell, 372 F.3d at 755-56.; see also Nickleson v. Stephens, 803 F.3d 748, 753 (5th Cir. 2015) ("The exhaustion doctrine demands more than

16

allusions in state court to facts or legal issues that might be comprehended within a later federal habeas petition.").

Because Gonzalez raised claims in this Court, that he did not raise in his petition for discretionary review or his second state <u>habeas</u> petition, all of his claims are unexhausted. Accordingly, this Court is "procedurally barred" from considering such unexhausted claims. <u>Nickleson</u>, 803 F.3d at 754.

Gonzalez has filed a motion for an abatement of these proceedings so he can return to state court and exhaust these claims. Dkt. No. 18.  This motion should be denied.

> Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.  Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

<u>Rhines v. Weber</u>, 544 U.S. 269, 277 (2005).

Gonzalez fails to meet either prong of <u>Rhines</u>: he cannot show good cause or that his claims are not plainly meritless.

The Court is "mindful that 'good cause' is not susceptible of precise definition, and no fixed, rigid standard can anticipate all of the situations" that may give rise to a finding of good cause. <u>Matter of Dierschke</u>, 975 F.2d 181, 183 (5th Cir. 1992).  In this case, however, the Court considers Gonzalez's diligence and good faith in seeking to raise these claims before the state courts.  <u>Sereal v. Thaler</u>, 2013 WL 4458747, *1-2 (S.D. Tex. 2013) (unpubl.).  The Fifth Circuit has stated that the Supreme Court "intended the district court" to analyze good cause "in the equitable sense." <u>Ruiz v. Quarterman</u>, 504 F.3d 523, 529, n. 17 (5th Cir. 2007).

Gonzalez argues that his <u>pro se</u> status serves as good cause because he "did not express his ineffective assistance of counsel claims in the same way that undersigned counsel did in filing this federal writ." Dkt. No. 18, p. 3.  Gonzalez further states that had he "been able to

17

file his state court writ with the assistance of counsel, then these claims could have been worded in the state court writ in the same way that they are worded in this proceeding, which would have eliminated any defense of unexhausted remedies that are procedurally barred." Id. This does not suffice to establish good cause. "Neither pro se status nor ignorance of the law and filing deadlines constitutes good cause for petitioner's failure to exhaust his state remedies." Byrd v. Thaler, No. 4:10-CV-021-A, 2010 WL 2228548, at *4 (N.D. Tex. June 3, 2010). In essence, Gonzalez is arguing that because he chose to proceed pro se in the state courts, before realizing that he would be better served by having an attorney represent him, he should be excused from the consequences of his previous decision and be given another opportunity to pursue his claims in state court. That is not good cause in the equitable sense of the law. Ruiz, 504 F.3d at 529, n. 17.

Even if the Court found that Gonzalez's pro se status established good cause, his claims are plainly meritless. The Court notes that it is not concluding that his claims are plainly meritless in a substantive sense.[7] Rather, the Fifth Circuit has held that claims are "plainly meritless" under Rhines if the abatement would be futile. "[W]hen a petitioner is procedurally barred from raising [his] claims in state court, his unexhausted claims are plainly meritless." Williams v. Thaler, 602 F.3d 291, 309 (5th Cir. 2010) (internal quotations omitted).

Gonzalez would be procedurally barred from raising his claims in state court under Texas's abuse of the writ doctrine. That doctrine "bars the state court from considering a successive habeas petition unless the petitioner meets certain prerequisites." Gutierrez v. Stephens, 590 F. App'x 371, 383-84 (5th Cir. 2014). As relevant here, one of the prerequisites is that "the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed

---

[7] Given that Gonzalez has raised these claims for the first time in the instant petition, the factual record has not been sufficiently developed for the Court to reach any opinion on the substantive merits of his claims.

under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application." TEX. CODE OF CRIM. PROC. § 11.07 § 4(a)(1)(emphasis added). There is no indication in the record that Gonzalez's claims in the instant petition were unavailable to him when he filed his second state <u>habeas</u> petition. Accordingly, the state courts would almost certainly consider a third state <u>habeas</u> petition to be a successive petition under the abuse of the writ doctrine.

The Fifth Circuit "has held that, since 1994, the Texas abuse of the writ doctrine has been consistently applied as a procedural bar, and that it is an independent and adequate state ground for the purpose of imposing a procedural bar." <u>Hughes v. Quarterman</u>, 530 F.3d 336, 342 (5th Cir. 2008). Thus, if Gonzalez were permitted to return to state court to file the instant claims, they would be dismissed under the abuse of the writ doctrine. For this reason, as established by <u>Williams</u>, Gonzalez's claims are plainly meritless.

Moreover, as discussed above, even if the claims are not procedurally foreclosed in state court, they are procedurally barred in this Court. This conclusion follows from the fact that Gonzalez's current petition was untimely filed in this Court. Allowing him to return to the state courts to exhaust the current claims would not render these claims timely filed in this Court. In other words, even with the stay, his claims would remain untimely filed in this Court.

The motion for an abatement and stay should be denied because Gonzalez has not established good cause or that his claims are not "plainly meritless."

**IV. Recommendation**

It is recommended that the motion for summary judgment filed by Respondent Lorie Davis be granted. Dkt. No. 14. It is further recommended that Eric Christopher Gonzalez's petition for writ of habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254 be dismissed as untimely filed and unexhausted. It is further recommended that Gonzalez's motion to abate the case be denied. Dkt. No. 18.

## A.  Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2254 motion to the Court of Appeals. 28 U.S.C. § 2253(c)(1)(A).  A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006).  "Importantly, in determining this issue, we view the petitioner's arguments through the lens of the deferential scheme laid out in 28 U.S.C. § 2254(d)." Druery v. Thaler, 647 F.3d 535, 538 (5th Cir. 2011) (internal quotations omitted) (citing Barrientes v. Johnson, 221 F.3d 741, 772 (5th Cir.2000)).  The district court must rule upon a certificate of appealability when it "enters a final order adverse to the applicant." Rule 11, Rules Governing § 2254 Petitions.

After reviewing Gonzalez's § 2254 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason.  Although Gonzalez's § 2254 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Accordingly, it is **RECOMMENDED** that a COA should be denied.

## B.  Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009).  Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of

plain error or manifest injustice. See § 636(b)(1); Thomas v Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on April 20, 2018.

_____
Ronald G. Morgan
United States Magistrate Judge